UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED WISCONSIN INSURANCE COMPANY<br><br>*Plaintiff*,<br><br>v.<br><br>FORZA TRANSPORTATION SERVICES INC., DANIEL AGUIRRE RAMOS and HUMBERTO OROZCO CASTILLO<br><br>*Defendants,* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:23-cv-30 |

**UNITED WISCONSIN INSURANCE COMPANY'S APPENDIX A TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW, United Wisconsin Insurance Company, Plaintiff in the above-styled and numbered cause of action ("United Wisconsin"), and, pursuant to Section 7, Paragraph B (2) of this Court Procedures, submits this Appendix A, containing materials referred to in United Wisconsin's motion for summary judgment.

**Contents of Appendix A**

Relevant Portions of Policy No. UWPGA4978-01 (with premiums redacted) ….…………………………………………………………………….001-035

Forza Transportation Services Inc.'s Rule 26 disclosures………………… 036-039

Dated: January 9, 2024

Respectfully submitted,

**THE WOODALL LAW FIRM, PLLC**

By: /s/ J. Daniel Woodall

J. Daniel Woodall
Tx Bar No. 24008300
Federal I.D. 37089 (SD-Texas)
dan@woodalllawfirm.com
Alina Long
Tx Bar No. 24118443
Federal I.D. 3745182 (SD-Texas)
alina@woodalllawfirm.com
1725 Hughes Landing Boulevard, Suite 1250
The Woodlands, Texas 77380
Telephone: 281/892-1040
Facsimile: 281/305-3892

*Attorneys for Plaintiff United Wisconsin*

**CERTIFICATE OF SERVICE**

I certify that this document was served on all counsel of record via the Court's CM/ECF system on January 9, 2024.

*/s/* J. Daniel Woodall
J. Daniel Woodall

# United Wisconsin Insurance Company

## POLICY CERTIFICATION

### DECLARATION OF CUSTODIAN OF RECORDS

I, Alex Gutierrez, am NAFTA Underwriting Manager for Paramount Managing General Agency. Paramount Managing General Agency is the Program Manager for United Wisconsin Insurance Company and authorized custodian of records. I have the authority to certify the accuracy of the policy of Insurance for: FORZA TRANSPORTATION SETVICES INC, Policy # UWPGA4978-01 (03/02/2021 – 03/02/2022). The copies of the records accompanying this declaration are true and correct copies of the Policy of Insurance referenced above.

I swear under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct. Executed this 20th day of July 2023 at Tyler, Texas.

Alex Gutierrez

## ACCIDENT FUND-PARAMOUNT NAFTA TRUCKING PROGRAM

## ATHENS CLAIM REPORTING PROCEDURES

All claims regardless of severity or location should be reported. The Athens Administrators Claims Intake Center is ready to accept new losses and provides multiple ways for you to submit new loss reports:

**E-mail:** afparamountnafta@athensadmin.com

**FAX:** (916) 384-0965

**Telephone**: 1-888-534-6375

**Mail:** Athens Insurance Services, Inc.
P. O. Box 4111
Concord, CA 94524

Notices that do not require action ("incident reports") should be clearly marked **"REPORT ONLY".**

The Athens Claims Intake Center will review all claims notices upon receipt and assign to the handling clams office. A claim acknowledgement will then be transmitted to the designated individual advising of the Athens claim number and adjuster assigned to the claim.

*If after hours-emergency claims service is required, please advise the call center agent who will advise Athens to dispatch an on-site adjuster.

UnitedHeartland
Part of the AF Group
PO Box 40790
Lansing, MI 48901-7990
UnitedHeartland.com

# Commercial Insurance Policy

United Wisconsin Insurance Company, a stock insurance company

**Accident Fund Insurance Company of America**
200 N. Grand Avenue
Lansing, MI 48901-7990
(866) 206-5851

**United Wisconsin Insurance Company**
15200 West Small Road
New Berlin, WI 53151
(866) 206-5851

# COMMON POLICY DECLARATIONS

**POLICY NUMBER:** UWPGA4978-01

**PRODUCER NAME AREA**
Supreme Insurance Agency LLC
604 Shiloh Dr. Ste 3
Laredo, TX 78045

NAMED INSURED: FORZA TRANSPORTATION SERVICES INC

MAILING ADDRESS: 16360 U.S. 83,
Laredo, TX 78045

POLICY PERIOD: FROM 03/02/2021 TO 03/02/2022 AT 12:01 A.M. STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE

| | |
|---|---|
| BUSINESS DESCRIPTION | Commerical Trucking |

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.**

**THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.**

| | **PREMIUM** |
|---|---|
| Premium: | $2,865,408.00 |
| State Tax | $45,846.53 |
| ABTPA Fee | $1,664.00 |
| Underwriting Fee | $2,500.00 |

**TOTAL: $** $2,915,418.53

Premium shown is payable: $2,915,418.53 at inception. **$** ________

004

| FORMS APPLICABLE TO ALL COVERAGE PARTS (SHOW NUMBERS): |
| --- |
| SEE SCHEDULE OF FORMS AND ENDORSEMENTS |

| **Countersigned:** 03/02/2021 | **By:** Steve Cooper, President |
| --- | --- |
| **(Date)** | **(Authorized Representative)** |

**POLICY NUMBER**: UWPGA4978-01

**COMMERCIAL AUTO**
**CA DS 21 10 13**

# MOTOR CARRIER DECLARATIONS

**ITEM ONE**

| | |
|---|---|
| **Company Name:** | United Wisconsin Insurance Company |
| **Producer Name:** | Supreme Insurance Agency LLC |
| **Named Insured:** | FORZA TRANSPORTATION SERVICES INC |
| **Mailing Address:** | 16360 U.S. 83,<br>Laredo, TX 78045 |

| **Policy Period** | |
|---|---|
| **From:** 03/02/2021 | |
| **To:** 03/02/2022 | At 12:01 AM Standard Time at your mailing address shown above |
| **Previous Policy Number:** | |

**Form Of Business:**

| | | |
|---|---|---|
| ☑ **Corporation** | ☐ **Limited Liability Company** | ☐ **Individual** |
| ☐ **Partnership** | ☐ **Other:** | |

In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

**Premium Shown Is Payable At Inception:** $2,915,418.53
**Audit Period** (if applicable): ☐ **Annually** ☐ **Semiannually** ☐ **Quarterly** ☐ **Monthly**

006


© Insurance Services Office, Inc., 2011

| Endorsements Attached To This Policy |
|---|
| SEE SCHEDULE OF FORMS AND ENDORSEMENTS |
| |
| |
| |
| |

| Countersignature Of Authorized Representative | |
|---|---|
| **Name:** | Steve Cooper |
| **Title:** | President |
| **Signature:** | |
| **Date:** | 03/02/2021 |

**Note**

Officers' facsimile signatures may be inserted here, on the policy cover or elsewhere at the company's option.

007


© Insurance Services Office, Inc., 2011

**ITEM TWO**

**Schedule Of Coverages And Covered Autos**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos section of the Motor Carrier Coverage Form next to the name of the coverage.**

| Coverages | Covered Autos | Limit | Premium |
|---|---|---|---|
| Covered Autos Liability | 67 | $1,000,000 Each Accident | [redacted] |
| Personal Injury Protection (Or Equivalent No-fault Coverage) | 67 | Separately Stated In Each Personal Injury Protection Endorsement Minus $ Deductible | Included |
| Added Personal Injury Protection (Or Equivalent Added No-fault Coverage) | Not Covered | Separately Stated In Each Added Personal Injury Protection Endorsement | Not Covered |
| Property Protection Insurance (Michigan Only) | Not Covered | Separately Stated In The Property Protection Insurance Endorsement Minus $ Deductible For Each Accident | Not Covered |
| Auto Medical Payments | 67 | $2,500 Each Insured | Included |
| Medical Expense And Income Loss Benefits (Virginia Only) | Not Covered | Separately Stated In The Medical Expense And Income Loss Benefits Endorsement | Not Covered |
| Uninsured Motorists | 67 | $85,000 Each Accident | Included |
| Underinsured Motorists (When Not Included In Uninsured Motorists Coverage) | 67 | $ | Included |

008


© Insurance Services Office, Inc., 2011

**ITEM TWO**

**Schedule Of Coverages And Covered Autos (Cont'd)**

| Coverages | Covered Autos | Limit | Premium |
|---|---|---|---|
| **Trailer Interchange Comprehensive Coverage** | | **Least Of Actual Cash Value, Cost Of Repair Or** **$ Limit Of Insurance**<br>**$ Deductible For Each Covered Trailer** | **$** **Not Covered** |
| **Trailer Interchange Specified Causes Of Loss Coverage** | | **Least Of Actual Cash Value, Cost Of Repair Or** **$ Limit Of Insurance**<br>**$ Deductible For Each Covered Trailer** | **$** **Not Covered** |
| **Trailer Interchange Collision Coverage** | | **Least Of Actual Cash Value, Cost Of Repair Or** **$ Limit Of Insurance**<br>**$ Deductible For Each Covered Trailer** | **$** **Not Covered** |
| **Physical Damage Comprehensive Coverage** | Not Covered | **Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus**<br>**$ Deductible For Each Covered Auto, But No Deductible Applies To Loss Caused By Fire Or Lightning**<br>See Item Four for Hired or Borrowed Autos. | **$** **Not Covered** |
| **Physical Damage Specified Causes Of Loss Coverage** | Not Covered | **Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus**<br>**$ Deductible For Each Covered Auto For Loss Caused By Mischief Or Vandalism**<br>See Item Four for Hired or Borrowed Autos. | **$** **Not Covered** |
| **Physical Damage Collision Coverage** | Not Covered | **Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus**<br>**$ Deductible For Each Covered Auto**<br>See Item Four for Hired or Borrowed Autos. | **$** **Not Covered** |
| **Physical Damage Towing And Labor** | Not Covered | **$ For Each Disablement Of A Private Passenger Auto** | **$** **Not Covered** |
| | | | [redacted] |
| | | **Premium For Endorsements** | [redacted] |
| | | **Estimated Total Premium*** | [redacted] |

*This policy may be subject to final audit.

009


© Insurance Services Office, Inc., 2011

**ITEM SEVEN**

**Schedule For Gross Receipts Or Mileage Rating Basis (Cont'd)**

When gross receipts or mileage is used as a premium basis:

**FOR MOTOR CARRIERS**

Gross receipts means the total amount earned by the named insured for shipping or transporting property, regardless of whether you or any other carrier originates the shipment or transportation. Gross receipts includes the total amount received from renting equipment, with or without drivers, to any person or organization not engaged in the business of transporting property for hire by "auto" and 15% of the total amount received from renting any equipment, with or without drivers, to any person or organization engaged in the business of transporting property for hire by "auto". Gross receipts does not include:

1. Amounts you paid to air, sea or land carriers operating under their own permits.
2. Advertising revenue.
3. Taxes collected as a separate item and paid directly to the government.
4. C.O.D. collections for cost of merchandise including collection fees.
5. Warehouse storage fees.

**FOR PUBLIC AUTOS**

Gross receipts means the total amount earned by the named insured for transporting passengers, mail and merchandise.

Gross receipts does not include:

1. Amounts paid to air, sea or land carriers operating under their own permits.
2. Advertising revenue.
3. Taxes collected as a separate item and paid directly to the government.
4. C.O.D. collections for cost of mail or merchandise including collection fees.

Mileage means the total live and dead mileage of all revenue producing "autos" operated during the policy period.

**FOR RENTAL OR LEASING CONCERNS**

Gross receipts means the total amount earned by the named insured for the leasing or renting of "autos" to others without drivers.

Mileage means the total live and dead mileage of all "autos" you leased or rented to others without drivers.


© Insurance Services Office, Inc., 2011

Named Insured: FORZA TRANSPORTATION SERVICES INC

Policy No: UWPGA4978-01
Effective Date: 03/02/2021

## COMMERCIAL AUTO

# SCHEDULE OF FORMS AND ENDORSEMENTS

| FORM NUMBER | NAME |
|---|---|
| | UWIC Claim Cover Letter |
| AIL 00 04 01 19 | UWIC Commercial Insurance Policy Jacket |
| AIL 00 01 19 | Common Policy Declarations |
| CA 21 DS 10 13 | Motor Carrier Declaration |
| PRMT SFE 0919 | Schedule of Forms and Endorsements |
| UWIC CA SCHED 01 | Schedule of Covered Autos |
| | Driver Schedule |
| CA 00 02 10 13 | Motor Carrier Coverage Form |
| ACA 00 11 08 19 | Motor Carrier Act of 1980 Supplemental Endorsement |
| ACA 00 10 08 19 | Exclusion Punitive Damages |
| ACA 00 14 08 19 | Exclusion - War including pollution cost or expense |
| PN 42 100 8 13 | Important Notice |
| CA 23 84 10 13 | Exclusion of Terrorism |
| IL 00 17 11 98 | Common Policy Conditions |
| IL 00 21 09 08 | Nuclear Energy Liability Exclusion Endorsement |
| CA 23 01 10 13 | Explosives |
| CA 99 48 10 13 | Pollution Liability - Broadened Coverage |
| CA 23 94 10 13 | Silica or Silica-Related Dust Exclusion for Covered Autos Exposure |
| CA 02 43 11 13 | Texas Changes - Cancellation and Non-renewal |
| UTX PN SIL 10 17 | Texas-Silica or Silica Related Dust Exclusion for Covered Autos Exposure Endorsement |
| CA 01 96 10 13 | Texas Changes |
| PN TX CA 11 17 | Policy Holder Notice |
| ACA 00 12 08 19 | Exclusion - Occupant |
| CA 23 05 10 13 | Wrong Delivery of Liquid Products |
| IL N 001 09 03 | Fraud Statement |
| IL P 001 01 04 | U. S. Treasury Department's Office of Foreign Assets Control "OFAC" Advisory Notice To Policyholders |
| CA 99 03 10 13 | Auto Medical Payments Coverage |
| CA 21 09 10 13 | Texas Uninsured-Underinsured Motorists Coverage |
| CA 22 64 10 13 | Texas Personal Injury Protection Endorsement |
| UWIC DE 10 17 | Texas - Exclusion of Named Driver and Partial Rejection of Coverages |
| ACA 00 21 01 20 | Blanket Additional Insured Endorsement |
| MCS-90 | Endorsement for Motor Carrier Policies of Insurance for Public Liability |
| AIL 00 02 01 19 | Execution Clause Endorsement |

# MOTOR CARRIER COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **VI** – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| **61** | Any "Auto" | |
| **62** | Owned "Autos" Only | Only the "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while connected to a power unit you own). This includes those "autos" you acquire ownership of after the policy begins. |
| **63** | Owned Private Passenger Type "Autos" Only | Only the "private passenger type" "autos" you own. This includes those "private passenger type" "autos" that you acquire ownership of after the policy begins. |
| **64** | Owned Commercial "Autos" Only | Only those trucks, tractors and "trailers" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while connected to a power unit you own). This includes those trucks, tractors and "trailers" you acquire ownership of after the policy begins. |
| **65** | Owned "Autos" Subject To No-fault | Only those "autos" you own that are required to have no-fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the no-fault law in the state where they are licensed or principally garaged. |
| **66** | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that, because of the law in the state where they are licensed or principally garaged, are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| **67** | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| **68** | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of your "employees", partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households. |
| **69** | "Trailers" In Your Possession Under A Written Trailer Or Equipment Interchange Agreement | Only those "trailers" you do not own while in your possession under a written "trailer" or equipment interchange agreement in which you assume liability for "loss" to the "trailers" while in your possession. |

012

 © Insurance Services Office, Inc., 2011 

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| **70** | Your "Trailers" In The Possession Of Anyone Else Under A Written Trailer Interchange Agreement | Only those "trailers" you own or hire while in the possession of anyone else under a written "trailer" interchange agreement. When Symbol **70** is entered next to a Physical Damage Coverage in Item Two of the Declarations, the Physical Damage Coverage exclusion relating to "loss" to a "trailer" in the possession of anyone else does not apply to that coverage. |
| **71** | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "private passenger type" "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |
| **79** | "Mobile Equipment" Subject To Compulsory Or Financial Responsibility Or Other Motor Vehicle Insurance Law Only | Only those "autos" that are land vehicles and that would qualify under the definition of "mobile equipment" under this policy if they were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where they are licensed or principally garaged. |

**B. Owned Autos You Acquire After The Policy Begins**

**1.** If Symbols **61, 62, 63, 64, 65, 66** or **79** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

**2.** But, if Symbol **67** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

**a.** We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

**b.** You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos**

If Covered Autos Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Covered Autos Liability Coverage:

**1.** "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

**2.** "Mobile equipment" while being carried or towed by a covered "auto".

**3.** Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

**a.** Breakdown;

**b.** Repair;

**c.** Servicing;

**d.** "Loss"; or

**e.** Destruction.

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

013

 © Insurance Services Office, Inc., 2011 

We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1. Who Is An Insured**

The following are "insureds":

**a.** You for any covered "auto".

**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(1)** The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".

**(2)** Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.

**(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

**(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".

**(5)** A partner (if you are a partnership), or member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

**c.** The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

**d.** The lessor of a covered "auto" that is not a "trailer" or any "employee", agent or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.

**e.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

However, none of the following is an "insured":

**(1)** Any "motor carrier" for hire or his or her agents or "employees", other than you and your "employees":

**(a)** If the "motor carrier" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

**(b)** If the "motor carrier" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are leased to that "motor carrier" and used in his or her business.

However, Paragraph **(1)** above does not apply if you have leased an "auto" to the for-hire "motor carrier" under a written lease agreement in which you have held that "motor carrier" harmless.

**(2)** Any rail, water or air carrier or its "employees" or agents, other than you and your "employees", for a "trailer" if "bodily injury" or "property damage" or a "covered pollution cost or expense" occurs while the "trailer" is detached from a covered "auto" you are using and:

**(a)** Is being transported by the carrier; or

**(b)** Is being loaded on or unloaded from any unit of transportation by the carrier.

**2. Coverage Extensions**

**a. Supplementary Payments**

We will pay for the "insured":

**(1)** All expenses we incur.

**(2)** Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

014


© Insurance Services Office, Inc., 2011

**(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(5)** All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-of-state Coverage Extensions**

While a covered "auto" is away from the state where it is licensed, we will:

**(1)** Increase the Limit of Insurance for Covered Autos Liability Coverage to meet the limit specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing "motor carriers" of passengers or property.

**(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of "loss" because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

**(1)** Employment by the "insured"; or

**(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

This exclusion applies:

**(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to:

**a.** Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

015

 © Insurance Services Office, Inc., 2011 

**b.** The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph **a.** above.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Handling Of Property**

"Bodily injury" or "property damage" resulting from the handling of property:

**a.** Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto"; or

**b.** After it is moved from the covered "auto" to the place where it is finally delivered by the "insured".

**8. Movement Of Property By Mechanical Device**

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

**9. Operations**

"Bodily injury" or "property damage" arising out of the operation of:

**a.** Any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment"; or

**b.** Machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

**10. Completed Operations**

"Bodily injury" or "property damage" arising out of "your work" after that work has been completed or abandoned.

In the exclusion, your work means:

**a.** Work or operations performed by you or on your behalf; and

**b.** Materials, parts or equipment furnished in connection with such work or operations.

Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraph **a.** or **b.** above.

Your work will be deemed completed at the earliest of the following times:

**(1)** When all of the work called for in your contract has been completed;

**(2)** When all of the work to be done at the site has been completed if your contract calls for work at more than one site; or

**(3)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**11. Pollution**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

 © Insurance Services Office, Inc., 2011 

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

**(1)** The "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

**(2)** The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(a)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(b)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**12. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**13. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit Of Insurance for Covered Autos Liability Coverage shown in the Declarations.

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## SECTION III – TRAILER INTERCHANGE COVERAGE

**A. Coverage**

**1.** We will pay all sums you legally must pay as damages because of "loss" to a "trailer" you don't own or its equipment under:

**a. Comprehensive Coverage**

From any cause except:

**(1)** The "trailer's" collision with another object; or

**(2)** The "trailer's" overturn.

**b. Specified Causes Of Loss Coverage**

Caused by:

**(1)** Fire, lightning or explosion;

**(2)** Theft;

**(3)** Windstorm, hail or earthquake;

**(4)** Flood;

**(5)** Mischief or vandalism; or

**(6)** The sinking, burning, collision or derailment of any conveyance transporting the "trailer".

**c. Collision Coverage**

Caused by:

**(1)** The "trailer's" collision with another object; or

**(2)** The "trailer's" overturn.

017

 © Insurance Services Office, Inc., 2011 

**2.** We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any "loss" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

**3. Coverage Extensions**

The following apply as **Supplementary Payments.** We will pay for you:

**a.** All expenses we incur.

**b.** The cost of bonds to release attachments, but only for bond amounts within our Limit of Insurance.

**c.** All reasonable expenses incurred at our request, including actual loss of earnings up to $250 a day because of time off from work.

**d.** All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

**e.** All interest on the full amount of any judgment that accrues after entry of the judgment; but our duty to pay interest ends when we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**B. Exclusions**

**1.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

**a. Nuclear Hazard**

**(1)** The explosion of any weapon employing atomic fission or fusion; or

**(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

**b. War Or Military Action**

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for loss of use.

**3. Other Exclusions**

We will not pay for "loss" due and confined to:

**a.** Wear and tear, freezing, mechanical or electrical breakdown.

**b.** Blowouts, punctures or other road damage to tires.

This exclusion does not apply to such "loss" resulting from the total theft of a covered "auto".

**C. Limits Of Insurance**

The most we will pay for "loss" to any one "trailer" is the least of the following amounts:

**1.** The actual cash value of the damaged or stolen property at the time of the "loss";

**2.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality; or

**3.** The Limit Of Insurance shown in the Declarations.

**D. Deductible**

For each covered "trailer", our obligation to pay:

**1.** The actual cash value of the damaged or stolen property at the time of the "loss" will be reduced by the applicable deductible shown in the Declarations.

**2.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality will be reduced by the applicable deductible shown in the Declarations.

**3.** The damages for "loss" that would otherwise be payable will be reduced by the applicable deductible shown in the Declarations prior to the application of the Limit Of Insurance shown in the Declarations.



 © Insurance Services Office, Inc., 2011 

## SECTION IV – PHYSICAL DAMAGE COVERAGE

### A. Coverage

**1.** We will pay for "loss" to a covered "auto" or its equipment under:

**a. Comprehensive Coverage**

From any cause except:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

**b. Specified Causes Of Loss Coverage**

Caused by:

**(1)** Fire, lightning or explosion;

**(2)** Theft;

**(3)** Windstorm, hail or earthquake;

**(4)** Flood;

**(5)** Mischief or vandalism; or

**(6)** The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

**c. Collision Coverage**

Caused by:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

**2. Towing – Private Passenger Type Autos**

We will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" of the "private passenger type" is disabled. However, the labor must be performed at the place of disablement.

**3. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

**a.** Glass breakage;

**b.** "Loss" caused by hitting a bird or animal; and

**c.** "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

**4. Coverage Extension**

**a. Transportation Expenses**

We will also pay up to $20 per day to a maximum of $600 for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the "private passenger type". We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes Of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the policy's expiration, when the covered "auto" is returned to use or we pay for its "loss".

**b. Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

**(1)** Other than collision only if the Declarations indicates that Comprehensive Coverage is provided for any covered "auto";

**(2)** Specified Causes Of Loss only if the Declarations indicates that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

**(3)** Collision only if the Declarations indicates that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

### B. Exclusions

**1.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

**a. Nuclear Hazard**

**(1)** The explosion of any weapon employing atomic fission or fusion; or

**(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

019

 © Insurance Services Office, Inc., 2011 

**b. War Or Military Action**

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any of the following:

**a.** Any covered "auto" while in anyone else's possession under a written "trailer" interchange agreement. But this exclusion does not apply to a loss payee; however, if we pay the loss payee, you must reimburse us for our payment.

**b.** Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such a contest or activity.

**c.** Tapes, records, discs or similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

**d.** Any device designed or used to detect speed-measuring equipment, such as radar or laser detectors, and any jamming apparatus intended to elude or disrupt speed-measuring equipment.

**e.** Any electronic equipment, without regard to whether this equipment is permanently installed, that reproduces, receives or transmits audio, visual or data signals.

**f.** Any accessories used with the electronic equipment described in Paragraph **e.** above.

**3.** Exclusions **2.e.** and **2.f.** do not apply to equipment designed to be operated solely by use of the power from the "auto's" electrical system that, at the time of "loss", is:

**a.** Permanently installed in or upon the covered "auto";

**b.** Removable from a housing unit which is permanently installed in or upon the covered "auto";

**c.** An integral part of the same unit housing any electronic equipment described in Paragraphs **a.** and **b.** above; or

**d.** Necessary for the normal operation of the "auto" or the monitoring of the "auto's" operating system.

**4.** We will not pay for "loss" due and confined to:

**a.** Wear and tear, freezing, mechanical or electrical breakdown.

**b.** Blowouts, punctures or other road damage to tires.

This exclusion does not apply to "loss" resulting from the total theft of a covered "auto".

**5.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**C. Limits Of Insurance**

**1.** The most we will pay for:

**a.** "Loss" to any one covered "auto" is the lesser of:

**(1)** The actual cash value of the damaged or stolen property as of the time of the "loss"; or

**(2)** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**b.** All electronic equipment that reproduces, receives or transmits audio, visual or data signals in any one "loss" is $1,000, if, at the time of "loss", such electronic equipment is:

**(1)** Permanently installed in or upon the covered "auto" in a housing, opening or other location that is not normally used by the "auto" manufacturer for the installation of such equipment;

**(2)** Removable from a permanently installed housing unit as described in Paragraph **b.(1)** above; or

**(3)** An integral part of such equipment as described in Paragraphs **b.(1)** and **b.(2)** above.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

020


© Insurance Services Office, Inc., 2011

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations. Any Comprehensive Coverage deductible shown in the Declarations does not apply to "loss" caused by fire or lightning.

**SECTION V – MOTOR CARRIER CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is a "loss" to a covered "auto" or its equipment, you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examination under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Covered Autos Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option, we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

021

 © Insurance Services Office, Inc., 2011 

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

**B. General Conditions**

**1. Bankruptcy**

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligation under this Coverage Form.

**2. Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceals or misrepresents a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

**3. Liberalization**

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**4. No Benefit To Bailee – Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

**5. Other Insurance – Primary And Excess Insurance Provisions**

**a.** While any covered "auto" is hired or borrowed from you by another "motor carrier", this Coverage Form's Covered Autos Liability Coverage is:

**(1)** Primary if a written agreement between you as the lessor and the other "motor carrier" as the lessee requires you to hold the lessee harmless.

**(2)** Excess over any other collectible insurance if a written agreement between you as the lessor and the other "motor carrier" as the lessee does not require you to hold the lessee harmless.

**b.** While any covered "auto" is hired or borrowed by you from another "motor carrier", this Coverage Form's Covered Autos Liability Coverage is:

**(1)** Primary if a written agreement between the other "motor carrier" as the lessor and you as the lessee does not require the lessor to hold you harmless, and then only while the covered "auto" is used exclusively in your business as a "motor carrier" for hire.

**(2)** Excess over any other collectible insurance if a written agreement between the other "motor carrier" as the lessor and you as the lessee requires the lessor to hold you harmless.

**c.** While a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Covered Autos Liability Coverage is:

**(1)** Provided on the same basis, either primary or excess, as the Covered Autos Liability Coverage provided for the power unit if the power unit is a covered "auto".

**(2)** Excess if the power unit is not a covered "auto".

**d.** Any Trailer Interchange Coverage provided by this Coverage Form is primary for any covered "auto".

**e.** Except as provided in Paragraphs **a., b., c.** and **d.** above, this Coverage Form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you don't own.

**f.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**g.** Regardless of the provisions of Paragraphs **a., b., c., d.** and **e.** above, this Coverage Form's Covered Autos Liability Coverage is primary for any liability assumed under an "insured contract".

022


© Insurance Services Office, Inc., 2011

**h.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**6. Premium Audit**

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover "accidents" and "losses" occurring:

**a.** During the policy period shown in the Declarations; and

**b.** Within the coverage territory.

The coverage territory is:

**(1)** The United States of America;

**(2)** The territories and possessions of the United States of America;

**(3)** Puerto Rico;

**(4)** Canada; and

**(5)** Anywhere in the world if a covered "auto" of the "private passenger type" is leased, hired, rented or borrowed without a driver for a period of 30 days or less,

provided that the "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico or Canada, or in a settlement we agree to.

We also cover "loss" to, or "accidents" involving, a covered "auto" while being transported between any of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

## SECTION VI – DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:

**1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

023

 © Insurance Services Office, Inc., 2011 

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

**(1)** The "pollutants" escape, seep, migrate or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

**(2)** The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraph **6.b.** or **6.c.** of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto", if:

**(a)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(b)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**H.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement; or

**6.** That part of any other contract or agreement, entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**a.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

024

 © Insurance Services Office, Inc., 2011 

**b.** That pertains to the loan, lease or rental of an "auto" to you or any of your employees, if the "auto" is loaned, leased or rented with a driver; or

**c.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" unless the covered "auto" is used in your business as a "motor carrier" for hire as in Section **II,** Paragraph **A.1.d.** of the Who Is An Insured provision.

**I.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**J.** "Loss" means direct and accidental loss or damage.

**K.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

**1.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

**2.** Vehicles maintained for use solely on or next to premises you own or rent;

**3.** Vehicles that travel on crawler treads;

**4.** Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

**a.** Power cranes, shovels, loaders, diggers or drills; or

**b.** Road construction or resurfacing equipment such as graders, scrapers or rollers;

**5.** Vehicles not described in Paragraph **1., 2., 3.** or **4.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

**a.** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment; or

**b.** Cherry pickers and similar devices used to raise or lower workers; or

**6.** Vehicles not described in Paragraph **1., 2., 3.** or **4.** above, maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

**a.** Equipment designed primarily for:

**(1)** Snow removal;

**(2)** Road maintenance, but not construction or resurfacing; or

**(3)** Street cleaning;

**b.** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

**c.** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well-servicing equipment.

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

**L.** "Motor carrier" means a person or organization providing transportation by "auto" in the furtherance of a commercial enterprise.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**N.** "Private passenger type" means a private passenger or station wagon type "auto" and includes an "auto" of the pickup or van type if not used for business purposes.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

**1.** Damages because of "bodily injury" or "property damage"; or

025


© Insurance Services Office, Inc., 2011

**2.** A "covered pollution cost or expense",

to which this insurance applies, are alleged.

"Suit" includes:

**a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes a semitrailer or a dolly used to convert a semitrailer into a trailer. But for Trailer Interchange Coverage only, "trailer" also includes a container.


© Insurance Services Office, Inc., 2011

**POLICY NUMBER:** UWPGA4978-01

# MOTOR CARRIER ACT OF 1980
# SUPPLEMENTAL ENDORSEMENT

This endorsement, effective 03/02/2021 12:01 A.M. Standard Time, forms a part of Policy Number UWPGA4978-01 issued to FORZA TRANSPORTATION SERVICES INC by United Wisconsin Insurance Company.

Authorized Representative

The MCS-90 endorsement, which is attached to this policy, requires us to pay certain judgments entered against you that arise out of your operations as a motor carrier even if no coverage is afforded by the terms of the policy exclusive of the endorsement. However, the MCS-90 endorsement also gives us the right to seek full reimbursement from you in the event that we pay any such judgment not otherwise covered by the policy. With respect to the provisions set out herein, the policy definitions are expanded so that there is no difference between the coverage provided under the policy and the terms of the MCS-90.

It is hereby agreed, in consideration of premiums charged, that the definition of property damage in the Business Auto Coverage Form or Motor Carrier Coverage Form of the Policy is amended to include the following:

The terms “environmental restoration” and “property damage” in the MCS-90 Endorsement shall be included in the definition of “property damage” as defined in the Policy.

Nothing herein contained shall be held to waive, alter or extend any of the declarations, agreements, conditions, or terms of the aforementioned policy other than as above stated.

**POLICY NUMBER:** UWPGA4978-01

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION – PUNITIVE DAMAGES

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
AUTO DEALERS COVERAGE FORM

The following exclusion is added to **SECTION II – COVERED AUTOS LIABILITY COVERAGE, B. Exclusions** of the Business Auto Coverage Form and Motor Carrier Coverage Form, and **SECTION I – COVERED AUTOS COVERAGES, D. COVERED AUTOS LIABILITY COVERAGE, 4. Exclusions,** of the Auto Dealers Coverage Form:

This insurance does not apply to:

**Punitive Damages**

Punitive or exemplary damages, fines, penalties or the multiplied portion of compensatory damages imposed on any insured.

ALL OTHER TERMS AND CONDITIONS REMAIN THE SAME.

 Includes copyrighted material of Insurance Services Office, Inc. with permission 

**POLICY NUMBER:** UWPGA4978-01 **IL 00 17 11 98**

# COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

**A. Cancellation**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.
2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:
   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or
   b. 30 days before the effective date of cancellation if we cancel for any other reason.
3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.
4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.
5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.
6. If notice is mailed, proof of mailing will be sufficient proof of notice.

**B. Changes**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**C. Examination Of Your Books And Records**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D. Inspections And Surveys**

1. We have the right to:
   a. Make inspections and surveys at any time;
   b. Give you reports on the conditions we find; and
   c. Recommend changes.
2. We are not obligated to make any inspections, surveys, reports or recommendations and any such actions we do undertake relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:
   a. Are safe or healthful; or
   b. Comply with laws, regulations, codes or standards.
3. Paragraphs **1.** and **2.** of this condition apply not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.
4. Paragraph **2.** of this condition does not apply to any inspections, surveys, reports or recommendations we may make relative to certification, under state or municipal statutes, ordinances or regulations, of boilers, pressure vessels or elevators.

**E. Premiums**

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and
2. Will be the payee for any return premiums we pay.

**F. Transfer Of Your Rights And Duties Under This Policy**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

029

 Copyright, Insurance Services Office, Inc., 1998  □

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TEXAS CHANGES

For a covered "auto" licensed or principally garaged in Texas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Physical Damage Coverage**

**1.** The following exclusion is added to Paragraph **B. Exclusions** in the **Physical Damage Coverage** section:

We will not pay for "loss" due to or as a consequence of a seizure of a covered "auto" by federal or state law enforcement officers as evidence in a case against you under the Texas Controlled Substances Act or the federal Controlled Substances Act if you are convicted in such case.

**2.** Paragraphs **C.2.** and **C.3.** of the **Limit Of Insurance** provision under **Physical Damage Coverage** do not apply.

**3.** Paragraph **D. Deductible** in the **Physical Damage Coverage** section is amended by the addition of the following:

At the mutual agreement of you and us, we will not apply the deductible to "loss" to glass, if the glass is repaired rather than replaced.

**B. Changes In Conditions**

The following condition is added:

**Claim-handling Procedures**

**1.** Within 15 days after we receive written notice of a claim, we will:

**a.** Acknowledge receipt of the claim. If we do not acknowledge receipt of the claim in writing, we will keep a record of the date, method and content of the acknowledgment;

**b.** Begin any investigation of the claim; and

**c.** Specify the information you must provide in accordance with Paragraph **b.** of the Duties Condition.

We may request more information at a later date, if during the investigation of the claim such additional information is necessary.

**2.** After we receive the information we request, we will notify you in writing as to whether:

**a.** The claim will be paid;

**b.** The claim has been denied, and inform you of the reasons for denial;

**c.** More information is necessary; or

**d.** We need additional time to reach a decision. If we need additional time, we will inform you of the reasons for such need.

We will provide notification, as described in **2.a.** through **2.d.** above, within:

**a.** 15 "business days"; or

**b.** 30 days if we have reason to believe the "loss" resulted from arson.

If we have notified you that we need additional time to reach a decision, we must then either approve or deny the claim within 45 days of such notice.

**3.** If a claim results from a weather-related catastrophe or a major natural disaster as defined by the Texas Department of Insurance, the claim-handling deadlines described above are extended for an additional 15 days.

**4.** If we notify you that we will pay your claim, or part of your claim, we will pay within five "business days" after we notify you.

030

 © Insurance Services Office, Inc., 2013 

However, if payment of the claim or part of the claim is conditioned on your compliance with any of the terms under this Policy, we will make payment within five "business days" after the date you have complied with such terms.

**5.** We will notify the first Named Insured in writing of:

**a.** An initial offer to settle a claim made or "suit" brought against any "insured" under Covered Autos Liability Coverage of this Policy. The notice will be given no later than the 10th day after the date on which the offer is made.

**b.** Any settlement of a claim made or "suit" brought against the "insured" under Covered Autos Liability Coverage of this Policy. The notice will be given not later than the 30th day after the date of settlement.

As used in this condition, "business day" means a day other than Saturday, Sunday or a holiday recognized by the state of Texas.

**C. Changes In Uninsured/Underinsured Motorists Coverage**

All references to "Uninsured Motorists Coverage" in the title or text of any Coverage Form or endorsement thereto are changed to read "Uninsured/Underinsured Motorists Coverage".

**D. Changes In Trailer Interchange Coverage**

The following exclusion is added to Paragraph **B. Exclusions** of **Section III – Trailer Interchange Coverage** in the Motor Carrier Coverage Form and to Paragraph **B.2. Exclusions** of the Motor Carrier Endorsement if attached:

**Texas Controlled Substance Act**

We will not pay for "loss" due to or as a consequence of a seizure of a covered "auto" by federal or state law enforcement officers as evidence in a case against you under the Texas Controlled Substances Act or the federal Controlled Substances Act if you are convicted in such case.

**E. Changes In Garagekeepers Coverage**

If the Garagekeepers Coverage Endorsement or the Garagekeepers Coverage – Customers' Sound-receiving Equipment endorsement is attached, the following exclusion is added:

**Texas Controlled Substance Act**

We will not pay for "loss" due to or as a consequence of a seizure of a covered "auto" by federal or state law enforcement officers as evidence in a case against you under the Texas Controlled Substances Act or the federal Controlled Substances Act if you are convicted in such case.



 © Insurance Services Office, Inc., 2013 

**POLICY NUMBER:** UWPGA4978-01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - OCCUPANT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
AUTO DEALERS COVERAGE FORM

The following exclusion is added **to SECTION II** – **COVERED AUTOS LIABILITY COVERAGE**, **B. Exclusions** of the Business Auto Coverage Form and Motor Carrier Coverage Form, and **SECTION I – COVERED AUTOS COVERAGES, D. COVERED AUTOS LIABILITY COVERAGE, 4. Exclusions,** of the Auto Dealers Coverage Form:

This insurance does not apply to:

"Bodily Injury" sustained by any person while in, upon, entering or exiting the "auto".

ALL OTHER TERMS AND CONDITIONS REMAIN THE SAME.

**USDOT Number:** 2490721 **Date Received:** 03/02/2021

A Federal Agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with a collection of information subject to the requirements of the Paperwork Reduction Act unless that collection of information displays a current valid OMB Control Number. The OMB Control Number for this information collection is 2126-0008. Public reporting for this collection of information is estimated to be approximately 2 minutes per response, including the time for reviewing instructions, gathering the data needed, and completing and reviewing the collection of information. All responses to this collection of information are mandatory. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to: Information Collection Clearance Officer, Federal Motor Carrier Safety Administration, MC-RRA, Washington, D.C. 20590.

United States Department of Transportation
**Federal Motor Carrier Safety Administration**

## Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980

# FORM MCS-90

**Issued to** FORZA TRANSPORTATION SERVICES INC **of** TX
*(Motor Carrier name)* *(Motor Carrier state or province)*

**Dated at** 03/02/2021 **on this** ________ **day of** ________________, ________

**Amending Policy Number:** UWPGA4978-01 **Effective Date:** 03/02/2021

**Name of Insurance Company:** United Wisconsin Insurance Company

**Countersigned by:** [signature] *(authorized company representative)*

The policy to which this endorsement is attached provides primary or excess insurance, as indicated for the limits shown *(check only one)*:

- ☒ *his insurance is primary and the company shall not be liable for amounts in excess of* $750,000 *for each accident.*
- ☐ *This insurance is excess and the company shall not be liable for amounts in excess of $* ____________ *for each accident in excess of the underlying limit of $* ____________ *for each accident.*

Whenever required by the Federal Motor Carrier Safety Administration (FMCSA), the company agrees to furnish the FMCSA a duplicate of said policy and all its endorsements. The company also agrees, upon telephone request by an authorized representative of the FMCSA , to verify that the policy is in force as of a particular date. The telephone number to call is: 1-866-514-2200.

Cancellation of this endorsement may be effected by the company or the insured by giving (1) thirty-five (35) days notice in writing to the other party (said 35 days notice to commence from the date the notice is mailed, proof of mailing shall be sufficient proof of notice), and (2) if the insured is subject to the FMCSA's registration requirements under 49 U.S.C. 13901, by providing thirty (30) days notice to the FMCSA (said 30 days notice to commence from the date the notice is received by the FMCSA at its office in Washington, DC).

033

*(continued on next page)*

## DEFINITIONS AS USED IN THIS ENDORSEMENT

***Accident*** includes continuous or repeated exposure to conditions or which results in bodily injury, property damage, or environmental damage which the insured neither expected nor intended.

***Motor Vehicle*** means a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.

***Bodily Injury*** means injury to the body, sickness, or disease to any person, including death resulting from any of these.

***Property Damage*** means damage to or loss of use of tangible property.

***Environmental Restoration*** means restitution for the loss, damage, or destruction of natural resources arising out of the accidental discharge, dispersal, release or escape into or upon the land, atmosphere, watercourse, or body of water, of any commodity transported by a motor carrier. This shall include the cost of removal and the cost of necessary measures taken to minimize or mitigate damage to human health, the natural environment, fish, shellfish, and wildlife.

***Public Liability*** means liability for bodily injury, property damage, and environmental restoration.

The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of anyone accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

034

*(continued on next page)*

# SCHEDULE OF LIMITS — PUBLIC LIABILITY

| Type of carriage | Commodity transported | January 1, 1985 |
|---|---|---|
| **(1)** For-hire (in interstate or foreign commerce, with a gross vehicle weight rating of 10,000 or more pounds). | Property (nonhazardous) | $750,000 |
| **(2)** For-hire and Private (in interstate, foreign, or intrastate commerce, with a gross vehicle weight rating of 10,000 or more pounds). | Hazardous substances, as defined in 49 CFR 171.8, transported in cargo tanks, portable tanks, or hopper-type vehicles with capacities in excess of 3,500 water gallons; or in bulk Division 1.1, 1 2, and 1.3 materials, Division 2.3, Hazard Zone A, or Division 6.1, Packing Group I, Hazard Zone A material; in bulk Division 2.1 or 2 2; or highway route controlled quantities of a Class 7 material, as defined in 49 CFR 173.403. | $5,000,000 |
| **(3)** For-hire and Private (in interstate or foreign commerce, in any quantity; or in intrastate commerce, in bulk only; with a gross vehicle weight rating of 10,000 or more pounds). | Oil listed in 49 CFR 172.101; hazardous waste, hazardous materials, and hazardous substances defined in 49 CFR 171.8 and listed in 49 CFR 172.101, but not mentioned in (2) above or (4) below. | $1,000,000 |
| **(4)** For-hire and Private (In interstate or foreign commerce, with a gross vehicle weight rating of less than 10,000 pounds). | Any quantity of Division 1.1, 1.2, or 1.3 material; any quantity of a Division 2.3, Hazard Zone A, or Division 6.1, Packing Group I, Hazard Zone A material; or highway route controlled quantities of a Class 7 material as defined in 49 CFR 173.403. | $5,000,000 |

*The schedule of limits shown does not provide coverage. The limits shown in the schedule are for information purposes only.

035

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED WISCONSIN INSURANCE COMPANY<br>Plaintiff<br>V.<br><br>FORZA TRANSPORTATION SERVICES, INC., DANIEL AGUIRRE RAMOS and HUMBERTO OROZCO CASTILLO<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:23-CV-30 |

## DEFENDANT FORZA TRANSPORTATION SERVICES, INC. RULE 26 DISCLOSURES

TO: Plaintiff, United Wisconsin Insurance Company, by and through their attorney of record J. Daniel Woodall, The Woodall Law Firm, PLLC, 1725 Hughes Landing Blvd, Ste 1250, The Woodlands, TX 77380.

COMES NOW Defendant, Forza Transportation Services, Inc. and submits its Rule 26(a)(l) Disclosures under the Federal Rules of Civil Procedure:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses unless the use would be solely for impeachment;

A. Humberto Castillo c/o Zachary Zapata
zach@danglawgroup.com
901 N.E. Loop 410, Ste. 802
San Antonio, Texas 78209
Telephone: (726) 600-1200
Facsimile: (833) 666-0580

B. FORZA Transportation Services, Inc.
c/o Javier Montemayor, Jr.

lawjm@sbcglobal.net
1020 Juarez
Laredo, Texas 78040
Telephone: (956) 726-8811
Facsimile: (956) 722-0246

Forza is the named insured in the subject Policy issued by United Wisconsin and the motor carrier under whose authority the subject trip was conducted. Forza and Forza's representatives have knowledge about the accident, the origin and destination of the subject trip, and Castillo and Ramos' employment relationship with Forza at the time of the loss.

C. Daniel Aguirre Ramos
C Rio Eufrates 1357
Guadalajara, Mexico 44430

The attorney representing Ramos in the Underlying Lawsuit
The Willis Law Group, PLLC
Benjamin N. Roeder
17040 El Camino Real, Suite 300
Houston, Texas 77058
service@thewillislawgroup.com
Telephone: 281/953-2222
Facsimile: 281/953-2272

Ramos is the defendant who has knowledge about the accident, the origin and destination of the subject trip, and his and Castillo's employment relationship with Forza at the time of the loss.

D. United Wisconsin Insurance Company and their authorized representatives, including but not limited to Athens Program Insurance Services, the claims administrator authorized by United Wisconsin to administer and adjust claims arising under policy No. UWPGA4978-01.

c/o Dan Woodall and Alina Long The
Woodall Law Firm
1725 Hughes Landing Boulevard, Suite 1250
The Woodlands, Texas 77380
Telephone: 281-892-1040
dan@woodalllawfirm.com
alina@woodalllawfirm.com

United Wisconsin is the Plaintiff who, through their authorized representatives, has knowledge about the accident, the origin and destination of the subject trip, and Castillo and Ramos' employment relationship with Forza at the time of the loss.

(ii) a copy- or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

All respective documents have been produced by Defendant United Wisconsin Insurance Company (UWIC 00001 - 00563) in their Initial Disclosures and Supplemental Disclosures (UWIC 00564-00676).

(iii) a computation of each category of damages claimed by the disclosing party -who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

Humberto Orozco Castillo is seeking damages against Forza Transportation and Daniel Aguirre Ramos in the Underlying Lawsuit in state court. In this action they are simply contending that United Wisconsin does in fact have a duty to defend and/or indemnify Forza and Ramos from Castillo's claims in the Underlying Lawsuit.

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

None.

Dated: December 1, 2023

Respectfully submitted,

By: /s/ Javier Montemayor
Javier Montemayor
Tx Bar No. 00798382
Federal I.D. 21461

lawjm@sbcglobal.net
1020 Juarez
Laredo, TX 78040
Telephone: (956) 726-8811
Facsimile: (956) 722-0246

Attorney for FORZA Transportation Services, Inc.

CERTIFICATE, OF SERVICE

I certify that this document was served on all counsel of record via e-mail on December 1, 2023.

/s/ Javier Montemayor
Javier Montemayor